# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. RANDALL WHITE

**Criminal Court for Davidson County**
**No. 97-C-1829**

---

**No. M2000-01492-CCA-R3-CD - Filed March 27, 2002**

---

## ORDER

Following a dispute over rent the appellant shot his unarmed roommate with a .22 caliber rifle.  As a result of this act the appellant was indicted for attempted first degree murder.  At the appellant's trial, the judge instructed the jury on attempted first degree murder, attempted second degree murder and attempted voluntary manslaughter.  The jury returned a verdict of guilty for attempted second degree murder.  The appellant was sentenced to serve ten years in incarceration as a standard Range I offender.

In this appeal, the appellant challenges his conviction based upon the trial judge's failure to instruct the jury on the offense of aggravated assault, which the appellant claims is a lesser-included offense of attempted first degree murder.  We find no reversible error with respect to this issue and we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

This Court has previously held that aggravated assault is not a lesser-included offense of attempted first degree murder. State v. Joshua Lee Williams, No. W2000-01435-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 452, at *19 (Tenn. Crim. App. at Jackson, June 27, 2001); State v. Christopher Todd Brown, No. M1999-00691-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 214, at *4 (Tenn. Crim. App., at Nashville, Mar. 9, 2000).  Moreover, even if aggravated assault were a lesser-included offense of attempted first degree murder, any error in failing to instruct the jury with respect to it would be harmless beyond a reasonable doubt.  The jury in the instant case declined to find the appellant guilty of the least serious offense presented to them, i.e., attempted voluntary manslaughter.  Instead the jury returned a guilty verdict on the intermediate offense of attempted second degree murder.  Under these circumstances any error in failing to charge an offense less than attempted voluntary manslaughter is clearly harmless beyond a reasonable doubt. See State v. Williams, 977 S.W.2d 101, 104-06 (Tenn. 1998).

Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. It appearing to the court that the appellant, Randall White is indigent, costs are taxed to the State of Tennessee.

_____
JERRY L. SMITH, JUDGE


_____
GARY R. WADE, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE